UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

JS - 6

| Case No. | SACV 11-770 CAS | Date | October 6, 2011 |
|---|---|---|---|
| Title | IN RE LANDAMERICA FINANCIAL GROUP, INC. | | |

Bankruptcy No. 8:08-bk-35994-KRH; Adversary No. 8:10-ap-01258 TA

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**     **(In Chambers:) ORDER AFFIRMING BANKRUPTCY COURT JUDGMENT** (filed 6/14/2011)

## I.     INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

On April 2, 2010, plaintiff-appellees John Ray, Lori Northcutt, and Robert Hagan (collectively, "appellees") filed their initial complaint in the Orange County Superior Court against Lawyers Title Insurance Corporation; Fidelity National Title Insurance Company; Commonwealth Land Title Company; Chicago Title Insurance Company; Fidelity National Financial, Inc.; and Does 1 through 50, inclusive (collectively, "Original Defendants").

On May 26, 2010, the Original Defendants removed the action to the United States Bankruptcy Court for the Central District of California ("the Bankruptcy Court") pursuant to 28 U.S.C. § 1452(a), Federal Rule of Bankruptcy Procedure 9027, and Local Bankruptcy Rule 9027-1. The Original Defendants additionally alleged an independent basis for federal question jurisdiction, pursuant to 28 U.S.C. § 1441(a) and (b). On June 2, 2010, after removal, the Original Defendants filed a motion to dismiss as well as a motion to transfer venue to the Bankruptcy Court for the Eastern District of Virginia ("the Virginia Bankruptcy Court"), where the bankruptcy proceeding for LandAmerica Financial Group, Inc. ("LandAmerica") was pending.[1]

---

[1] Appellees' initial complaint alleged that the Original Defendants failed to pay appellees' severance upon termination, after appellees' former employer, LandAmerica,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

JS - 6

| Case No. | CV 11-770 CAS | Date | October 6, 2011 |
|---|---|---|---|
| Title | IN RE LANDAMERICA FINANCIAL GROUP, INC. | | |

On June 22, 2010, appellees filed their first amended complaint ("FAC") against Lawyers Title Insurance Corporation; Commonwealth Land Title Company; and Does 1 through 100, inclusive (collectively, "appellants"),[2] alleging claims for (1) breach of contract; (2) failure to pay wages in violation of Cal. Lab. Code §§ 201–203; (3) violation of Cal. Lab. Code § 226; and (4) unfair competition in violation of Cal. Bus. & Prof. Code § 17200, et seq. On September 29, 2010, the Bankruptcy Court granted appellants' motion to transfer venue to the Virginia Bankruptcy Court.

On February 11, 2011, the Virginia Bankruptcy Court exercised its discretion pursuant to 28 U.S.C. § 1334(c)(1) and abstained from hearing the proceeding. The Virginia Bankruptcy Court transferred venue back to the Bankruptcy Court pursuant to 28 U.S.C. § 1412 and Federal Rule of Bankruptcy Court Procedure 7087, stating that "the question of equitable remand on whether the court ought to exercise the alternative basis for federal court jurisdiction is left to the transferor court." Virginia Bankr. Op., Appellants' Excerpts of Record ("ER"), Exh. 12. On March 18, 2011, appellees filed a motion to remand the action in the Bankruptcy Court. On May 3, 2011, the Bankruptcy Court granted the motion to remand the case to the Orange County Superior Court.

On May 19, 2011, appellants filed their notice of appeal of the Bankruptcy Court's decision to remand the case to the Orange County Superior Court.[3] On June 14, 2011, appellants filed their opening brief; appellees responded on July 25, 2011; and appellants replied on August 26, 2011. Appellants' appeal is presently before the Court.

**II. LEGAL STANDARD**

A district court reviews a bankruptcy court's conclusions of law de novo and findings of fact for clear error. In re Dawson, 367 F.3d 1174, 1177 (9th Cir. 2004);

---

declared bankruptcy. Appellants' Br. at 4. The Chapter 11 case, In re LandAmerica Financial Group, Inc., No. 08-35994-KRH, was then pending in the Bankruptcy Court of the Eastern District of Virginia. Mot., Exh. 1 at 2.

[2] Appellees dismissed defendants Chicago Title Insurance Company; Fidelity National Financial, Inc.; and Fidelity National Title Insurance Company in their FAC.

[3] The Court denied appellee's motion to dismiss the appeal on July 11, 2011.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

JS - 6

| Case No. | CV 11-770 CAS | Date | October 6, 2011 |
|---|---|---|---|
| Title | IN RE LANDAMERICA FINANCIAL GROUP, INC. | | |

Miller v. United states, 284 B.R. 121, 124 (N.D. Cal. 2002); In re Fowler, 903 F.2d 694, 696 (9th Cir. 1990).

"The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person." Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991) (internal quotation marks and citations omitted). "A factual determination is clearly erroneous if the appellate court, after reviewing the record, has a firm and definite conviction that a mistake has been committed." In re JSJF Corp., 344 B.R. 94, 99 (9th Cir. BAP 2006) (citing Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). A court's conclusion that state law claims are not preempted by ERISA is a question of law reviewed de novo. Velarde v. PACE Membership Warehouse, Inc., 105 F.3d 1313, 1316 (9th Cir. 1997); Inland Empire Chapter of Assoc. Gen. Contractors v. Dear, 77 F.3d 296, 299 (9th Cir. 1996).

### III. DISCUSSION

The issues on appeal are (1) whether the Bankruptcy Court erred in refusing to transfer this case to this Court to decide whether federal question jurisdiction exists; (2) whether the Bankruptcy Court used the correct standard in deciding the motion for remand; and (3) whether this Court has jurisdiction over the action pursuant to ERISA. See Appellants' Stmt. of Issues on Appeal at 1.

    **A.**    **Whether Bankruptcy Court Erred in Refusing to Transfer This Case to This Court to Decide the Issue of Federal Question Jurisdiction**

Appellants contend that the Bankruptcy Court erred in reaching the question of whether this Court has subject matter jurisdiction to entertain this action. Specifically, according to appellants, because the Virginia Bankruptcy Court ruled that no bankruptcy jurisdiction existed, the Bankruptcy Court "no longer had a reference over the matter" and should have transferred the case to this Court for resolution of federal question jurisdiction. Appellants' Br. at 11.

Appellees respond that the Bankruptcy Court properly decided the issue of federal question jurisdiction because bankruptcy courts "routinely address alternative claimed bases for jurisdiction." Appellees' Br. at 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

JS - 6

| Case No. | CV 11-770 CAS | Date | October 6, 2011 |
|---|---|---|---|
| Title | IN RE LANDAMERICA FINANCIAL GROUP, INC. | | |

     The Court finds that the Bankruptcy Court properly addressed the question of federal question jurisdiction. First, appellants were the original party who removed this action to the Bankruptcy Court where they asserted two bases for jurisdiction: bankruptcy jurisdiction and federal question jurisdiction based on ERISA. See Def. Notice of Removal ¶¶ 22, 29. As the Bankruptcy Court noted, because appellants were the original party that sought removal, "it seems at least logical this court has proper authority to decide on the merits of a motion to remand, as well as whether to exercise an alternative basis for federal jurisdiction." Bankr. Op. at 3. Second, the Bankruptcy Court asked appellants whether any authority prevented it from deciding the ERISA preemption question, and appellants conceded they had no such authority. Appellants' ER at 380–84. Finally, courts, including the Virginia Bankruptcy Court in this case, have held that the well-pleaded complaint rule does not apply to bankruptcy removals predicated on "related to" jurisdiction and that therefore a bankruptcy court may properly address federal question jurisdiction. See Bank of America, N.A. v. Brennan Tit. Co., 402 B.R. 687, 697 (Bankr. E.D. Va. 2009) ("[T]he well-pleaded complaint rule does not apply in the context of bankruptcy removals, at least when removal is predicated on the bankruptcy court having 'related to' jurisdiction under 28 U.S.C. § 1334."); Foster Poultry Farms, Inc. v. IBM Corp., 2006 WL 2769944, *8 (E.D. Cal. 2006) ("[T]he court declines to apply the well-pleaded complaint rule to cases brought to federal court under bankruptcy jurisdiction.").

     Accordingly, the Bankruptcy Court did not err in addressing the merits of this Court's federal question jurisdiction under ERISA.

     **B.    The Bankruptcy Court's Ruling**

     The parties dispute whether the Bankruptcy Court made any findings of fact that would be subject to clearly erroneous review. Compare Appellants' Br. at 3 and Appellants' Reply at 2–3 with Appellees' Br. at 2–3.

     In the Bankruptcy Court, the parties disputed two questions of fact: (1) whether the LandAmerica plan or the Commonwealth plan applies to this action, and (2) whether the applicable plan is governed by ERISA. Appellants contend the LandAmerica plan governs, while appellees contend the Commonwealth plan governs. Compare Appellants' Br. at 18 with Appellees' Br. at 16–17. The parties focus on this issue because the LandAmerica plan presents an arguably more comprehensive administrative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O
JS - 6

| Case No. | CV 11-770 CAS | Date | October 6, 2011 |
|---|---|---|---|
| Title | IN RE LANDAMERICA FINANCIAL GROUP, INC. | | |

scheme than the Commonwealth plan and is therefore more likely to be preempted by ERISA. See Appellants' Br. at 22–24; Appellees' Br. at 27–29.

Appellants contend that the Bankruptcy Court never made a finding as to which plan governs this action and that therefore this Court should apply de novo review. Reply at 2–3 (citing qualified language from the Bankruptcy Court's order regarding the plans and concluding that the Bankruptcy Court did not explicitly determine which plan applies to this case or whether either plan is governed by ERISA). Appellants maintain that the LandAmerica plan governs because "the only document referenced in the original and First Amended Complaints is the 'LandAmerica Severance Benefits Plan.'" Appellants' Br. at 18. Appellants assert that appellees seek severance payment from LandAmerica—not Commonwealth— because LandAmerica acquired stock in Commonwealth before appellees' employment was terminated. See id. Although appellants argue both plans are preempted by ERISA, appellants assert that the LandAmerica plan involved a more "elaborate administrative scheme" than the Commonwealth plan and is thus more clearly preempted by ERISA. See id. at 22–24 (listing additional provisions in the LandAmerica plan not present in the Commonwealth plan).

Appellees, by contrast, assert that the Bankruptcy Court concluded that the Commonwealth plan governs this case, which is a determination of fact subject to clear error review. Appellees' Br. at 2–3. In support of their position, appellees assert that "the FAC actually alleges that Commonwealth agreed to provide severance pay" and that the only reference to the LandAmerica plan is appellees' allegation "that the termination of the [LandAmerica plan] did not affect their right to severance pay under their preexisting agreements with their employers, Commonwealth and Lawyers [Title]." Id. at 16. Thus, according to appellees, appellants' assertion that the FAC is based on the LandAmerica plan "is demonstrably untrue." Id. Appellees maintain that neither plan is governed by ERISA, but nonetheless emphasize the Bankruptcy Court's finding that only the Commonwealth plan is at issue in this case. Id. at 16–17, 27–29.

The Court agrees with appellees. The Bankruptcy Court found that the Commonwealth plan—and not the LandAmerica plan—applies to this action, and further found that the Commonwealth plan is not preempted by ERISA. Although conclusions of law are reviewed de novo, these two findings of fact are subject to clear error review. In re Dawson, 367 F.3d at 1177.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

JS - 6

| Case No. | CV 11-770 CAS | Date | October 6, 2011 |
|---|---|---|---|
| Title | IN RE LANDAMERICA FINANCIAL GROUP, INC. | | |

**1.    The Bankruptcy Court's Conclusion that the Commonwealth Plan, Rather than the LandAmerica Plan, Applies to This Dispute**

The Bankruptcy Court relied on extrinsic evidence in suggesting that Commonwealth maintained its separate corporate form despite LandAmerica's bankruptcy proceedings and that, therefore, the LandAmerica plan does not apply to this case:

> [I]t is very unclear whether the Land America plan really governs [this action] at all inasmuch as it appears that there was a sale of stock in Commonwealth and Lawyers Title held by the debtor to Chicago Title and Fidelity approved by the Virginia Court, implying that these subsidiary corporations (the named Defendants herein) passed through the bankruptcy estate without ever losing their separate existence or corporate form, and these separate corporations were at least ostensibly the employers.

Bankr. Op. at 6.

Although not an express finding, the Bankruptcy Court's language indicates that it made its finding based on a preponderance of the evidence. See, e.g., Concrete Pipe and Prods of California, Inc. v. Constr. Laborers Pension Trust, 508 U.S. 602, 622 (1993) ("The burden of showing something by a preponderance of the evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence.") (internal quotation marks and citation omitted). Moreover, following its qualified rejection of the LandAmerica plan's application to this case, the Bankruptcy Court thereafter referenced only the Commonwealth plan. See Bankr. Op. at 5–6.

The Bankruptcy Court did not commit clear error in reaching this conclusion. The FAC reveals that appellees focused exclusively on the Commonwealth plan in asserting their state law claims. See FAC ¶¶ 1–10 (listing several individuals allegedly employed by Commonwealth (and its successor-in-interest Lawyers Title) and asserting severance owed under the Commonwealth plan). Indeed, the only reference in the FAC regarding the LandAmerica plan is that the plan does *not* apply to appellees' claims. Id. ¶ 8 (alleging that LandAmerica's inability to pay severance under the LandAmerica plan due to its bankruptcy "had absolutely no effect on the severance pay that had already been accrued" under the Commonwealth plan). Further, the Bankruptcy Court's conclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

JS - 6

| Case No. | CV 11-770 CAS | Date | October 6, 2011 |
|---|---|---|---|
| Title | IN RE LANDAMERICA FINANCIAL GROUP, INC. | | |

that Commonwealth (and Lawyers Title) survived LandAmerica's bankruptcy proceedings is amply supported by the law.  See, e.g., Laird v. Capital Cities/ABC, Inc., 68 Cal. App. 4th 727, 737–38 (holding that "common ownership or control alone is never enough to establish parent liability"); Maddock v. KB Homes, Inc., 631 F. Supp. 2d 1226, 1239 (C.D. Cal. 2007) ("Corporate entities are presumed to have separate existences, and the corporate form will be disregarded only when the ends of justice require this result. In particular, there is a strong presumption that a parent company is not the employer of its subsidiary's employees.") (quoting Laird, 68 Cal. App. 4th at 737–38).

Accordingly, the Bankruptcy Court did not err in finding that the Commonwealth plan—and not the LandAmerica plan—governs this dispute.

### 2. The Bankruptcy Court's Conclusion that the Commonwealth Plan is Not Preempted by ERISA

"From the fountain of Fort Halifax, and the stream of circuit court cases that have flowed from it, a relatively simple test has emerged to determine whether a plan is covered by ERISA: does the benefit package implicate an ongoing administrative scheme?"  Delaye v. Agripac, Inc., 39 F.3d 235, 237 (9th Cir. 1994) (citing Fort Halifax Packing Co., Inc. v. Coyne, 482 U.S. 1, 12 (1987).  To resolve that question, the Bankruptcy Court first noted that the Commonwealth plan provided severance for terminated employees "as described in the Severance Pay Schedule unless [the employee is] terminated for cause."  Bankr. Op. at 5.  Based on this language, the Bankruptcy Court concluded that "it would seem that the Commonwealth Employee handbook severance plan would not meet the requisite ongoing, discretionary analysis to create an 'ongoing administrative scheme' that an ERISA plan mandates since the only determination is whether an employee was terminated for cause."  Id. at 5–6 (quoting Velarde, 105 F.3d at 1316–17 (holding a determination of "for-cause" termination does not necessarily give rise to ERISA preemption)).  The Bankruptcy Court further held that "because the Commonwealth Plan likely did not rise to the level of an ERISA plan as to merit satisfaction" of appellants' burden of showing appellees could have originally brought the claims under ERISA, "the doctrine of complete preemption is not satisfied, and this is not a persuasive ground for transferring the case to federal court."  Bankr. Op. at 5–6; see In re Stern, 345 F.3d 1036, 1045 (9th Cir. 2003) (applying preponderance of the evidence standard to whether a pension plan was preempted by ERISA).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

JS - 6

| Case No. | CV 11-770 CAS | Date | October 6, 2011 |
|---|---|---|---|
| Title | IN RE LANDAMERICA FINANCIAL GROUP, INC. | | |

Appellants contend that, contrary to the Bankruptcy Court's ruling, the Commonwealth plan is an ERISA plan because it requires the payment of benefits on an ongoing, regular basis for certain kinds of employment terminations. Appellants' Br. at 19. Appellants argue that the Commonwealth plan is thus distinguishable from the plan at issue in Velarde because the plan in Velarde was a "one-off" plan. Id. Moreover, appellants assert that the Commonwealth plan requires its administrator to exercise discretion in determining whether an employee was terminated "for cause." Id. at 21; Reply at 16–18.

Appellees respond that a "minimal quantum of discretion," such as determining whether an employee was terminated for cause, does not turn a severance agreement into an ERISA plan. Appellees' Br. at 20 (citing Velarde, 105 F.3d at 1317). Appellees maintain that the Commonwealth plan presents no ongoing administrative procedures giving rise to ERISA preemption. Appellees' Br. at 6–8.

The Court finds that the Bankruptcy Court did not err in holding that no ERISA plan exists and therefore that the state law claims related to the Commonwealth plan are not preempted. The Commonwealth plan grants little to no discretion for the plan administrator in determining severance pay. In pertinent part, the plan provides:

> You will be entitled to severance pay, as described in the Severance Pay Schedule unless you are terminated for cause, ie [sic], for a breach or violation of any Company rule or policy (whether or not contained in this handbook) or other misconduct . . . When business conditions necessitate the involuntary termination of a regular, full-time employee for reasons other than infractions of Company rules and policies, the affected employee will be eligible for severance based on the length of service. . . .

Appellants' ER at 237–38.

In Velarde, the Ninth Circuit held that determining whether an employee was terminated for cause is not "sufficient to turn a severance agreement into an ERISA plan." 105 F.3d at 1317. Thus, severance agreements are not preempted by ERISA where "there is nothing discretionary about the timing, amount or form of the payment." Id. "We have emphasized that an employer's administrative duties must involve the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

JS - 6

| Case No. | CV 11-770 CAS | Date | October 6, 2011 |
|---|---|---|---|
| Title | IN RE LANDAMERICA FINANCIAL GROUP, INC. | | |

application of more than a modicum of discretion" in order to constitute an ERISA plan. Golden Gate Restaurant Ass'n v. City and County of San Francisco, 546 F.3d 639, 651 (9th Cir. 2008). "There must be enough ongoing particularized, administrative, discretionary analysis to make the plan an ongoing administrative scheme." Id. (holding that "mechanical record-keeping" and payments that "do not depend on contingencies" did not amount to an ERISA administrative scheme).

Here, the only "modicum of discretion" vested in the Commonwealth plan's administrators is whether an employee was terminated for cause. That, however, is not enough to transform the plan into an ERISA plan. Velarde, 105 F.3d at 1317. The amount and timing of payouts is based entirely on a mechanical "Severance Pay Schedule" and grants the administrator no discretion whatsoever in the amount of money to be paid. Appellants' ER at 237–3 See also Ankenbruck v. Rochester Midland Corp., 2006 WL 2524116, *4 (N.D. Ind. 2006) (holding that the policy at issue was not preempted by ERISA because "[a]lthough the payments under the policy were periodic, they amounted to no more than simple check writing to eligible employees"). The Bankruptcy Court did not err in concluding that appellants have failed to meet their burden that the Commonwealth plan is covered by ERISA.[4] See Nishimoto v. Federman-Bachrach & Assocs., 903 F.3d 709, 712 n.3 (9th Cir. 1990) ("The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."); Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009) (holding that the burden of establishing ERISA jurisdiction falls on the party seeking removal). Appellees' alleged claims, for breach of contract, violation of Cal. Lab. Code §§ 201–203 and 226, and violation of Cal. Bus. & Prof. Code § 17200 et seq., are better adjudicated in state court.

---

[4]The Bankruptcy Court engaged in a lengthy discussion regarding fourteen factors often applied to motions to remand pursuant to 28 U.S.C. § 1452(b), as opposed to §§ 1441 and 1331. See Bankr. Op. at 7–10. Appellants contend this was in error because those "[e]quitable factors are not relevant" for purposes of § 1441 removal. Appellants' Br. at 11. The Court agrees with appellants that the Bankruptcy Court erred in applying equitable § 1452 factors in its analysis, but nonetheless finds that the Bankruptcy Court adequately addressed ERISA preemption as it relates to federal question jurisdiction as an alternate basis for granting the remand. See id. at 3–6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O
JS - 6

| Case No. | CV 11-770 CAS | Date | October 6, 2011 |
|---|---|---|---|
| Title | IN RE LANDAMERICA FINANCIAL GROUP, INC. | | |

### IV. CONCLUSION

The Bankruptcy Court did not err in remanding this action to the Orange County Superior Court. The applicable Commonwealth plan does not present a discretionary, ongoing administrative plan to give rise to ERISA preemption. Accordingly, the judgment of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | RS |